# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GREG NANCE, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| v. | : 1:06-CV-2396-RWS |
| | : |
| RICOH ELECTRONICS, INC., | : |
| | : |
| Defendant. | : |

## **ORDER**

This case is before the Court for consideration of Plaintiff's Motion to Supplement the Pleadings with Retaliation Claim [31] and Defendant's Motion for Summary Judgment [35]. After reviewing the record, the Court enters the following Order.

## **Background**

Plaintiff Greg Nance brought this action on December 6, 2006, alleging that Defendant Ricoh Electronics, Inc. ("Ricoh"), failed to promote him to the position of Engineering Manager on the basis of his Caucasian race in violation of 42 U.S.C. § 1981. Because this case comes before the Court on Defendant's

Motion for Summary Judgment, the Court considers the facts in a light most favorable to Plaintiff.

Defendant Ricoh is a global manufacturer of office automation equipment. Plaintiff began working for Ricoh as a senior-level engineer on June 16, 1997, and remained in that position until he was terminated in May of 2007. In 2005, as a result of a managerial reorganization, Carl Wilson, a Caucasian who at the time held the position of Engineering Manager, was promoted to the position of Process Engineering Manager. Consequently, the Engineering Manager position became vacant. Without notifying any employees of the position's vacancy, Plaintiff's superior, Frantz Pierre, selected Choon Park, an Asian-American, to fill the Engineering Manager position. Over one year later, in October of 2006, Plaintiff brought this action claiming that he was discriminated against on the basis of his Caucasian race.

Seven months after the filing of this action, in May of 2007, Ricoh terminated Plaintiff's employment. Two weeks later, with two days left in the discovery period, Plaintiff moved to supplement his Complaint to allege that he was terminated on the basis of retaliation for filing this lawsuit. Defendant opposes this motion.

2

On June 7, 2007, after the discovery period ended, Defendant moved for summary judgment. On July 2, 2007, Plaintiff filed a Motion to Extend Time and For Relief Under Fed. R. Civ. P. 56(f) [45]. In his motion, Plaintiff requested a "brief extension of time," asserting that two additional witnesses would offer testimony supporting Plaintiff's opposition to Defendant's Motion for Summary Judgment. Plaintiff's counsel represented that "[t]hese two witnesses have not yet been able to execute affidavits or declaration as to the instant facts, but are available to do so within ten (10) days." (Pl.'s Br. [45] at 3.) The Court granted Plaintiff's Motion for Extension of Time (Order of Jul. 3, 2007 [46] at 2.)

As of August 9, 2007—over a month after Plaintiff had requested ten days in which to file two witness declarations and respond to Defendant's Motion for Summary Judgment—Plaintiff had still not filed the two witness declarations for which he sought an extension of time or any response to Defendant's Motion for Summary Judgment. Plaintiff then filed a second Motion for Extension of Time, seeking additional time to depose a third witness. In his brief, Plaintiff's counsel acknowledged that he had not yet spoken to this witness; he also provided no verification that the witness could provide the anticipated testimony.

3

By Order entered September 6, 2007, the Court denied Plaintiff's second motion for extension of time. The Court noted that Plaintiff had failed to file the first set of declarations for which he requested an extension of time. Moreover, the Court noted, Plaintiff . . . failed to show that any testimony will actually be forthcoming should the present extension be granted." (See Order of Sep. 6, 2007 [53] at 3.)

On September 13, 2007, Plaintiff responded to Defendant's Motion for Summary Judgment now before the Court. In his opposition, Plaintiff relies on the sworn declarations of seven witnesses to support his contention that he qualified for the Engineering Manager position and to rebut Defendant's assertion that Mr. Park was more qualified than Plaintiff for the position.

On October 1, 2007, Defendant filed its reply in support of its Motion for Summary Judgment, contending that Plaintiff has failed to oppose summary judgment with any admissible testimony other than his own. Defendant states that Plaintiff's counsel failed to disclose during the discovery period the names of any of the witnesses upon whom he now relies in opposition to Defendant's Motion for Summary Judgment, as mandated by the initial disclosure requirements of Rule 26(a). Defendant objects to these seven witness

4

declarations, contending that they should be excluded pursuant to Rule 37 of the Federal Rules of Civil Procedure.

Plaintiff's counsel has not responded to Defendant's Rule 37 objection. Thus, he does not dispute that he has failed to comply with the witness disclosure requirements of Rule 26(a), and he has not offered any reason for his failure to do so.  Indeed, the docket reflects that, despite the passage of over one year since this litigation was initiated and over five months since Plaintiff's counsel was placed on notice of his failure to comply with Rule 26(a), Plaintiff's counsel has yet to file the disclosures mandated by Rule 26(a).

## Discussion

Before turning to consider the merits of Defendant's Motion for Summary Judgment, the Court must first examine whether the evidence upon which Plaintiff relies in opposition to that Motion is admissible under Rule 26(a) and Rule 37(c) of the Federal Rules of Civil Procedure.

**I.    Defendant's Objections to Plaintiff's Declarations**

Rule 26(a) requires that a party disclose all names of witnesses upon whose testimony the party intends to rely at trial or during the pretrial motions stage of the case.  It provides:

5

>      (a) Required Disclosures.
>           (1) Initial Disclosure.
>                (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>                     (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

Fed. R. Civ. P. 26(a).

A party must file these mandatory initial disclosures within 14 days after the parties' Rule 26(f) conference, id., and a party "must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). A failure to identify a witness as required by Rule 26(a) and (e) bars a party from offering that witness "to supply evidence *on a motion*, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added); see also Cooley v. Great Southern Wood Preserving, 138 F. App'x 149, at *10 (11th Cir. May 18, 2005). A court may

6

also, either as an alternative or as an additional sanction, impose a monetary penalty on a party for failing to abide by the mandatory obligations of Rule 26(a) and (e).  Id.  The Eleventh Circuit has noted, however, that the exclusionary rule of "Rule 37(c), which is a 'self-executing sanction for failure to make a disclosure,' is 'the more effective enforcement' mechanism of the disclosure requirement when 'the party required to make the disclosure would need the material to support its own contentions.'"  Barron v. Fed. Res. Bank of Atlanta, 129 F. App'x 512, at *5 (11th Cir. Apr. 19, 2005) (unpublished) (quoting Fed. R. Civ. P. 37, advisory committee's note (1993)).

On the present record, it is undisputed that Plaintiff's counsel failed to disclose the names of the seven witnesses upon which Plaintiff relies in opposition to Defendant's Motion for Summary Judgment.  It is also undisputed that Plaintiff failed to supplement his initial disclosures at an appropriate time, pursuant to Rule 26(e)(1).  Therefore, to determine whether the "self-executing" exclusionary sanction of Rule 37(c)(1) applies, the Court must examine whether this omission was "substantially justified" or is harmless.

As an initial matter, Plaintiff has failed to offer any justification, substantial or otherwise, for his failure to identify these seven witnesses in a

7

timely fashion. Accordingly, the Court concludes that Plaintiff's non-compliance with Rule 26(a) was not substantially justified.

Second, Plaintiff has likewise failed to respond to Defendant's assertion that Plaintiff's non-compliance with Rule 26(a) is not harmless. Having reviewed Defendant's objections, the Court agrees with Defendant that it would be prejudiced by the Court's consideration of the declarations of Plaintiff's non-disclosed witnesses. Defendant was not provided notice that Plaintiff intended to rely on the testimony of any of these seven witnesses. Consequently, Defendant did not take the opportunity, during the discovery period, to depose the witnesses upon whom Plaintiff now relies almost exclusively to support his contentions in this case. For that reason, Plaintiff's failure to comply with Rule 26(a) is not harmless. See Ross v. Corp. of Mercer Univ., 506 F. Supp. 2d 1325, 1344 (M.D. Ga. 2007) (holding that party's failure to identify witnesses during discovery not harmless because opposing party "has not had the chance to refute the alleged facts" attested to by those witnesses); see also Taylor v. Food World, Inc., 946 F. Supp. 937 (N.D. Ala. 1996) (excluding affidavit at summary judgment stage because plaintiff failed to comply with Rule 26(a)); Chalal v. Northwest Medical Center, Inc., 147 F. Supp. 2d 1160 (N.D. Ala. 2000) ("Because plaintiff did not produce the names of these witnesses prior to

8

the discovery cutoff deadline, the court finds that the Hospital's motion to strike all of the proffered affidavits is due to be granted."). Accordingly, pursuant to the "self-executing sanction" of Rule 37(c)(1), the Court **SUSTAINS** Defendant's Objections. For purposes of its considerations on summary judgment, the Court **EXCLUDES** the declarations of unidentified witnesses attached to Plaintiff's opposition brief.

## II.     Motion for Summary Judgment

Defendant moves for summary judgment, contending that Plaintiff has failed to establish (1) that he applied for the promotion at issue, (2) that he was qualified for the promotion at issue, and (3) that he could rebut as pretextual Defendant's contention that the promoted employee was more qualified than Plaintiff. For the reasons discussed below, the Court agrees that Defendant is entitled to summary judgment.

### A.     Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The court should view the evidence and any inferences that may be drawn from it in the light most favorable to the non-movant. Adickes v.

9

S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

### B.    Burden-Shifting Framework of § 1981

Plaintiff relies only on circumstantial evidence[1] in support of his claim of disparate treatment, and thus the framework for this Court's analysis is the familiar one articulated by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).[2] Under the McDonnell Douglas framework, a plaintiff first must show an inference of

---

[1] Plaintiff does not advance any evidence or argument indicating that his case rests on "direct evidence" of race discrimination. In any event, the Court would reject such a contention because Plaintiff has not offered any evidence of "'remarks [by an employer]. . . whose intent could mean nothing other than to discriminate on the basis of' some impermissible factor." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1086 (11th Cir. 2004) (quoting Rojas v. Florida, 285 F.3d 1339, 1342 n.2 (11th Cir. 2002)).

[2] The parties agree that the burden-shifting framework applied in McDonnell-Douglas applies to Plaintiff's § 1981 action.

10

discriminatory intent, and thus carries the initial burden of establishing a *prima facie* case of discrimination.  Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1162 (11th Cir. 2006).

To establish a *prima facie* case of a violation of 42 U.S.C. § 1981 for failure to promote based on circumstantial evidence, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified and applied for the promotion; (3) he was rejected despite his qualifications; and (4) another equally or less qualified employee who was not a member of the protected class was promoted.  Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1089 (11th Cir. 2004) (citing Lee v. GTE Florida, Inc., 226 F.3d 1249, 1253 (11th Cir. 2000)). "The relevant inquiry . . . is not to judge which employee was more qualified, but to determine whether any disparity between . . . qualifications is so great that a reasonable fact-finder could infer that [the defendant] did not believe [the promoted employee] to be better qualified."  Cofield v. Goldkist, Inc., 267 F.3d 1264, 1268 (11th Cir. 2001).  "Our precedent . . . requires a strong showing of a disparity in qualifications in order for an inference of discrimination to arise." Denney v. City of Albany, 247 F.3d 1172, 1187 (11th Cir. 2001).

Once a *prima facie* case is established, the defendant must produce a legitimate, non-discriminatory reason for its decision not to promote the

11

(Rev.8/82)

plaintiff.  The burden then shifts to the plaintiff to prove by a preponderance of the evidence that the defendant's proffered reason is pretext for gender discrimination.  Courts will not, however, "second guess" an employer's decision "to emphasize qualifications over length of service" in failure-to-promote cases.  Id. at 1269.

### C. Plaintiff has Failed to Establish a *Prima Facie* Case of Discrimination

In moving for summary judgment, Defendant limits its challenge to the second element required to establish a *prima facie* case, contending that Plaintiff has failed to demonstrate that he applied for and was qualified for the Engineering Manager position.  The parties agree that the minimum requirements for the Engineering Manager position were (1) a bachelor's degree in Mechanical or Electrical Engineering; (2) 5+ years of Engineering field of work; (3) MS Word/Excel/Power Point skill; (4) AutoCAD Design; (5) project management skill; and (6) budget planning.  (See Attachment 2 to Vaughan Aff. ¶ 3; Pl.'s Resp. to Def.'s St. of Mat. Facts ¶ 15.)

Citing the performance reviews of Plaintiff prior to the promotion at issue, Defendant contends that Plaintiff did not qualify for the position of Engineering Manager because he did not have sufficient project management

12

skill.  In 2003, Plaintiff's then supervisor, Carl Wilson, noted in his performance review that Plaintiff needed "to work on improving initiative . . . and work to improve [his] accountability and avoid blaming others for delays." (See Att. 4 to Vaughn Aff., ¶ 6.)  Similarly, four months before Defendant promoted Parks to the Engineering Manager position, Plaintiff received a performance evaluation noting that he needed to improve his productivity while working on multiple projects and unexpected challenges.  (See id.)

      Although Plaintiff spends a substantial portion of his brief arguing (based upon excluded testimony) that Parks was not qualified for the Engineering Management position, Plaintiff has failed to come forward with any affirmative evidence to genuinely dispute that Plaintiff did not have the requisite project management skill to qualify for that position.  Plaintiff has failed to direct the Court, nor has the Court found, any admissible evidence upon which to conclude that Plaintiff had the necessary managerial skill to qualify for the Engineering Management position.  Moreover, Plaintiff's own self-serving and conclusory statements that he had the requisite skills necessary for the Engineering Management position are alone insufficient to establish that he was qualified.  See, e.g., Ford v. Gen. Motors, Inc., 656 F.2d 117, 119 (5th Cir. Sep. 14, 1981) (plaintiff's own testimony concerning qualifications for position at

13

issue "weak and insubstantial" and must be accompanied by other evidence); Williams v. Mead Coated Board, Inc., 836 F.Supp. 1552 (M.D. Ala. 1993), aff'd, 41 F.3d 668 (11th Cir. 1994) ("Plaintiffs' 'conclusory' allegations that they were 'more qualified' than the persons promoted are insufficient to establish a *prima facie* case of discrimination.") (citing Pugh v. Heinrich, 695 F. Supp. 533, 541-543 (M.D. Fla. 1988), aff'd mem., 933 F.2d 1020 (11th Cir. 1991)); see also, e.g., Evans v. Technologies Applications & Service Co., 80 F.3d 954, 959 (4th Cir. 1996) ("Evans also submitted her own affidavit, mostly made up of conclusory statements about her qualifications and the deficiencies of her colleagues. However, Evans's 'own naked opinion, without more, is not enough to establish a prima facie case of [ ]discrimination.") (citations and quotations omitted); Muhammad v. Giant Food, Inc., 2000 WL 1828248, *4 (D. Md. 2000) ("Muhammad offers no evidence that he was qualified for the position in the Seafood Department . . . . Muhammad[] argues that the decision [not to promote him] was discriminatory based solely on his own conclusory statements. Muhammad fails to make a prima facie case of discrimination.").

By failing to direct the Court to any admissible evidence other than his own conclusory statements of his qualifications for the Engineering Management position, Plaintiff has failed to establish a *prima facie* case of

14

discrimination.  Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**.

### III.	Motion to Supplement

Plaintiff moves under Rule 15(d) of the Federal Rules of Civil Procedure to supplement his Complaint to allege pursuant to Title VII or 42 U.S.C. § 1981 that Defendant retaliated against him for filing this action by terminating his employ in May of 2007, approximately seven months after the filing of this suit. Plaintiff's brief in support of supplementation describes the facts surrounding Plaintiff's termination, but is unaccompanied by an affidavit by Plaintiff or other sworn testimony.  Plaintiff's brief is also unaccompanied by a proposed amended complaint, and it does not state whether Plaintiff has ever received a right-to-sue letter from the Equal Employment Opportunity Commission, as would be required to file a Title VII retaliation claim.[3]

---

[3] Prior to filing suit under Title VII, a plaintiff must file a charge with the EEOC.  See 42 U.S.C. § 2000e-5(e).  After filing a Title VII suit based on failure to promote, a plaintiff may supplement his complaint with a retaliation claim under Title VII, as long as he first pursued the initial charge of discrimination with the EEOC. See Baker v. Buckeye Cellulose Corp., 856 F.2d 167, 168-69 (11th Cir. 1988). Plaintiff has not directed the Court to any evidence that he previously filed a charge with the EEOC, and thus it would appear that his only remedy for retaliation lies in § 1981.

15

Defendant opposes Plaintiff's Motion to Supplement, contending that pursuit of such an additional claim would be futile, and alternatively, that it would cause Defendant undue prejudice. For the reasons provided below, the Court declines to grant Plaintiff leave to supplement.

Federal Rule of Civil Procedure 15(d) governs a request to supplement a complaint with claims that arose after the filing of the initial complaint. It provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

Leave to supplement should be freely given as justice so requires, but courts should not grant motions to supplement when there is "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Amick v. BM & KM, Inc., 275 F. Supp. 2d 1378, 1381 (N.D. Ga. 2003). Moreover, leave may be denied when the case has progressed to an

16

advanced stage and extensive discovery is nearly complete, particularly where the amendment would require additional extensive discovery. E.g., Nolin v. Douglas County, 903 F.2d 1546, 1550-51 (11th Cir. 1990), overruled on other grounds by, McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994)); Ferguson v. Roberts, 11 F.3d 696 (7th Cir. 1993) (leave to amend complaint denied where plaintiffs waited until near close of discovery and trial date to file motion which District Court described as "seemingly dilatory," and where proposed complaint contained complex and serious new charges which would have required additional discovery, thereby significantly prejudicing defendants in their preparations for trial).

After due consideration, the Court finds that allowing supplementation would unduly prejudice Defendant and would not advance the purposes of Rule 15(a). Although the event which triggered Plaintiff's retaliation claim occurred only two weeks before he moved for leave to supplement his Complaint, discovery ended two days after Plaintiff filed his Motion. The discovery period proved almost entirely fruitless for Plaintiff because of Plaintiff's counsel's failure to comply with the disclosure requirements of Rule 26(a) and (e). That failure has prevented Plaintiff from procuring any admissible testimony in this action other than his own and the testimony of Defendant's witnesses and has

17

prevented Defendant from deposing witnesses upon whom Plaintiff now asserts he wishes to rely.  What is more—even though Plaintiff's counsel has been on notice of his failure to comply with Rule 26(a) and (e) for over five months—he inexplicably has still not filed the disclosures mandated by Rule 26(a), much less offer any reason for failing to do so.  In view of Plaintiff's counsel's inexcusable non-compliance with the Federal Rules of Civil Procedure, the Court cannot sanction his latest effort to extend discovery and delay the resolution of this litigation.

Moreover, the Court finds that granting Plaintiff leave does not advance the purposes of Rule 15(d).  Allowing Plaintiff the opportunity to amend his Complaint to state an entirely new claim for retaliation—which would require discovery into an entirely new set of facts after his only claim in this action has been dismissed—would have the effect of beginning this case anew on entirely different footing, and in effect, form an entirely distinct action.   Yet no new complaint has been offered or filed, and no format of limited additional discovery has been proposed.  Defendant would not only be put to the expense of this additional discovery, but would also, in light of its allegations of futility in its responsive brief, likely be put to the expense of filing another motion for summary judgment.  No good reason exists to justify supplementing this action

with a retaliation claim rather than requiring Plaintiff to file a new action on a clean slate and under the standard rules of procedure.[4]

In sum, granting Plaintiff leave would cause undue prejudice to Defendant and not advance the purposes of Rule 15(d).  Plaintiff's Motion to Supplement is **DENIED**.

## IV.   Motion for Sanctions

Defendant has indicated in its summary judgment briefing that it may seek sanctions after the resolution of this action.  The Court takes no position on the propriety of sanctions against Plaintiff or Plaintiff's counsel at this time.  Should Defendant desire to do so, it may file a Motion for Sanctions within eleven (11) days of the entry of this Order stating the grounds upon which sanctions are warranted.  Plaintiff shall have ten (10) days from the electronic filing of Defendant's Motion to respond.  Defendant must file a reply in support of its Motion within ten (10) days thereafter.

---

[4] Plaintiff will not suffer legal prejudice as a result of the Court's denial of his request because he has ample time to refile a new action under the 4-year statute of limitations applicable to actions brought under § 1981.  See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382, 124 S. Ct. 1836, 158 L. Ed. 2d 645 (2004).

19

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Supplement the Pleadings with Retaliation Claim [31] is **DENIED**.  Defendant's Objections to Plaintiff's Declarations are **SUSTAINED**.  Defendant's Motion for Summary Judgment [35] is **GRANTED**.  The Clerk is **DIRECTED** to enter judgment in favor of Defendant and against Plaintiff in this action.

Should Defendant desire to do so, it may file a Motion for Sanctions within eleven (11) days of the entry of this Order requesting sanctions and stating the grounds upon which sanctions are warranted.  Plaintiff shall have ten (10) days from the electronic filing of Defendant's Motion to respond.  Defendant may file a reply within ten (10) days thereafter.

**SO ORDERED**, this  31st   day of March, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)