# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

GREG NANCE,

    Plaintiff,

v.

RICOH ELECTRONICS, INC.,

    Defendant.

CIVIL ACTION NO.
1:06-CV-2396-RWS

## **ORDER**

This case is before the Court on a Motion by Defendant Ricoh Electronics, Inc. ("Ricoh"), for sanctions against Plaintiff Greg Nance and Plaintiff's counsel, Stephen M. Katz, for filing and pursuing a frivolous lawsuit [67]. After considering the entire record, the Court enters the following Order.

Plaintiff filed this action against Ricoh alleging that he was subjected to intentional race discrimination in violation of 42 U.S.C. § 1981. In particular, Plaintiff asserted that Ricoh promoted Choon Park, an individual of Asian descent, who was allegedly less qualified than Plaintiff and who allegedly lacked the requisite engineering degree for the management position to which

he was promoted. Plaintiff further alleged that he did not receive the management position because he is of Caucasian descent.

Now, pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, Defendant Ricoh has moved the Court for sanctions against Plaintiff, Greg Nance, and Plaintiff's counsel, Stephen M. Katz, for filing and pursuing an allegedly frivolous lawsuit that was without factual or legal basis. Defendant has requested that the Court award sanctions under Rule 11 and Section 1927 and impose monetary penalties on Plaintiff and Plaintiff's counsel, including reimbursement of Ricoh's reasonable attorneys' fees and costs incurred in defending this action. Defendant also requests that the Court award Ricoh its reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

Shortly after being served with Plaintiff's Complaint, Ricoh investigated Plaintiff's allegation that Mr. Park lacked the requisite engineering degree for the promotion at issue, and Defendant discovered that this allegation lacked merit. Ricoh provided Plaintiff's counsel with a copy of Mr. Park's Certificate of Graduation, demonstrating that Mr. Park had obtained an engineering degree from a reputable university. Defendant also provided Plaintiff's counsel with performance reviews demonstrating that Mr. Park was more qualified for the

2

position than Plaintiff. Despite receiving this evidence, Plaintiff's counsel continued to pursue this action, changing his purported bases for Plaintiff's discrimination claim and alleged that Ricoh had required Mr. Park to attend Gwinnett Technical College. Defendant then provided Plaintiff's counsel with documentation proving that this allegation, too, lacked any merit.

Based on these transactions, Defendant submitted its first Motion for Sanctions [10]. On February 21, 2007, the Court entered an Order [17] denying Defendant's first request for sanctions, but noted that Defendants arguments were "persuasive." The Court also warned Plaintiff that, "if Defendant ultimately prevail[ed] on summary judgment and the Court [found] that Plaintiff did not have any factual basis for continuing to pursue this action, the Court [would] impose appropriate sanctions against Plaintiff and his counsel, including attorneys' fees and costs." [17]. After further discovery took place, Defendant moved the Court for summary judgment [35]. On April 4, 2008, the Court entered an Order granting Ricoh's motion for summary judgment [65]. In that Order, the Court concluded that Plaintiff's claim was solely based on his "self-serving and conclusory statements that he had the requisite skills necessary for the engineering management position" and that such assertions

3

were "insufficient to establish that he was qualified." Dkt. No. [65]. The Court concluded that dismissal of the action was appropriate because Plaintiff had failed to establish a *prima facie* case of discrimination. Id.

Rule 11 provides, in relevant part, that when presenting a pleading to the court, a party must certify "to the best of the person's knowledge, information, and belief" that "the allegations and factual contentions have evidentiary support." FED. R. CIV. P. 11(b)(3). Under this rule, an attorney must make a reasonable inquiry into the facts before filing an action. Also, an attorney is required to make an inquiry in the relevant legal authority. Mroz v. Glatter, 65 F.3d 1567, 1573 (11th Cir. 1995). Rule 11 is violated where "the complaint has absolutely no chance of success under existing precedent." Jaffe v. Goodwin, 2004 U.S. Dist. LEXIS 28129, *9 (E.D. Va. 2004). The Eleventh Circuit has established that "a complaint is factually groundless and merits sanctions where the plaintiff has absolutely no evidence to support its allegations." Rule 11 sanctions are appropriate "when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable

4

argument to change existing law; and (3) is filed in bad faith for an improper purpose." Id.

After reviewing the entire record, the Court concludes that Plaintiff has not offered any substantive defense to the imposition of sanctions. Plaintiff failed to present any admissible evidence to establish a prima facie case of discrimination and has provided no reasonable basis for pursuing this meritless claim. Plaintiff failed to heed the Court's previous warning regarding the consequences of knowingly pursuing a meritless claim. Accordingly, Ricoh shall be awarded attorneys' fees and costs for the defense of Plaintiff's unsupported failure-to-promote claim. As the Court concluded in its Order granting summary judgment to Defendant, Plaintiff lacked "any admissible evidence upon which to conclude that Plaintiff had the necessary managerial skill to qualify for the Engineering Management position." Dkt. No. [65] at 13.

The record shows that Plaintiff and Plaintiff's counsel failed to conduct a reasonable inquiry into the facts and ignored undisputed facts in pursuit of a frivolous claim. It also appears from the filings in this case that Plaintiff's counsel failed to make a reasonable inquiry into the law, which would have informed Plaintiff's counsel that Plaintiff's claim fails as a matter of law.

To state a prima facie failure-to-promote claim, Plaintiff must show that (1) he is a member of the protected class; (2) he was qualified and applied for the promotion; (3) he was rejected; (4) after the rejection, the employer promoted a person outside of the protected class. Gamble v. Aramark Unif. Servs., 2004 U.S. App. LEXIS 9228 (11th Cir. 2004). If the plaintiff establishes a prima facie case, he must then prove the company's reasons for the promotion decision are unbelievable and merely a pretext for intentional discrimination. Id. A plaintiff must show that the decisions were, in fact, motivated by race. Id.

Here, Plaintiff failed to establish a *prima facie* case because he lacked "any affirmative evidence to genuinely dispute" that he was unqualified for the position at issue. Dkt. No. [65] at 14-15. Furthermore, Plaintiff has failed to provide any evidence that would suggest that the decision to promote Mr. Park and not Plaintiff was a product of discrimination. Based upon the total lack of merit in this case, the Court concludes that it was inappropriate for Plaintiff's counsel to pursue this matter through summary judgment. Sanctions are appropriate in cases such as this where a plaintiff exhibits a "deliberate

6

indifference to obvious facts," and the Court concludes that this is such a case. Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998).

Sanctions shall be imposed upon Plaintiff and Plaintiff's counsel, and the Court shall award Ricoh reasonable costs and attorneys fees incurred in the defense of this action. Defendants Motion for Sanctions and Attorneys Fees [67] is hereby **GRANTED**. Defendant shall submit a statement of fees and costs within ten (10) days of the entry of this Order, and Plaintiff shall have ten (10) days after the filing thereof to file a response. Defendant may file a reply within five (5) days after the response is filed.

**SO ORDERED**, this __27th__ day of October, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

7

AO 72A
(Rev.8/82)